UNITED STATES, Appellee

v

PAUL R. SMITH, Private, U. S. Army, Appellant

22 USCMA 342, 46 CMR 342

No. 26,434

June 8, 1973

*Colonel Joseph E. Donahue* and *Colonel Arnold I. Melnick* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Captain James F. Motley, Captain Richard L. Menson,* and *Captain Stan L. Spangler* were on the pleadings for Appellee, United States.

## Opinion

QUINN, Judge:

Before trial, the accused entered into a pretrial agreement providing for a sentence not to exceed dishonorable discharge and confinement at hard labor for 8 months. The court-martial sentenced him to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeitures. At issue on this appeal is the admissibility of evidence of a previous conviction by a summary court-martial at which the accused was sentenced to confinement at hard labor for 1 month. See United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973). That sentence was suspended, and it does not appear that the suspension was revoked. Government counsel contend that other evidence demonstrates that the accused was "never confined as a result" of this conviction. Apart from the effect of the unserved confinement upon the constitutional validity of the previous conviction, I am satisfied that the conviction did not result in a

**22 USCMA 342**

more severe sentence than the court-martial would have adjudged had evidence thereof not been admitted. The decision of the Court of Military Review is affirmed.

DARDEN, Chief Judge (concurring) :

I concur in the result for the reasons set forth in my separate opinion in United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973).

DUNCAN, Judge (dissenting) :

In the case before us, the appellant pleaded guilty to a lengthy absence without leave. Trial counsel offered in evidence a prior conviction by summary court-martial for negligent homicide. See United States v Alderman, 22 USCMA 298, 46 CMR 298 (May 25, 1973). In his unsworn statement in mitigation, Smith disclosed that while in Vietnam he had accidently shot and killed a fellow serviceman for which he was tried by

the above-mentioned summary court-martial.

In argument on sentence, trial counsel referred to this conviction and an unsatisfactory rating as to conduct and efficiency,[1] which the appellant received at the time of a permanent change of station one month following this incident, as revealing "Private Smith as something a good deal less than a war hero." The military judge instructed the court members that they "may properly consider [as] a matter in aggravation the fact that the accused has a previous conviction."

As I view the record in this trial, I am unable to state that the sentence might not have been different had the members of the Court known that the prior conviction "had been unconstitutionally obtained." United States v Tucker, 404 US 442, 448 (1972).

---

[1] During a period of 26 months of creditable service, appellant received four other ratings for conduct and efficiency, all of which were excellent. One of them was given 9 months after his return to the United States.